UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JEANNETTE AYINKAMIYE,  :
    Plaintiff,  :
      :
v.  :    C.A. No. 17-54WES
      :
RHODE ISLAND COLLEGE, et al.,  :
    Defendants.  :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se* plaintiff Jeannette Ayinkamiye filed this action on February 7, 2017, alleging that Rhode Island College ("RIC") had discriminated against her, as well as that the City of Providence and the State of Rhode Island had denied her the right to education. ECF No. 2. Based her apparent abandonment of the case, including her failure to oppose RIC's motion to dismiss and her failure to respond to the Court's show cause order, I now recommend that her claims against RIC be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. As to the claims against the City of Providence and the State of Rhode Island, Plaintiff has failed to file proof that either of them was properly served and joined in the action as required by Fed. R. Civ. P. 4(l)(1); accordingly, I recommend that the Court order Plaintiff to show good cause why the case against them should not be dismissed for failure to serve the complaint within ninety days of filing as required by Fed. R. Civ. P. 4(m). If she fails to do so, I recommend that the entire case be dismissed.

**I.    BACKGROUND**

For five weeks after she filed the complaint, Plaintiff pursued her claims against RIC with vigor, filing a motion for preliminary injunction and responding to its motion for more

definite statement. However, after a flurry of filings on March 13, 2017,[1] she ceased all activity. Meanwhile RIC made two motions to compel Plaintiff to provide a more definite statement because, as pled, the complaint did not state an actionable claim. After the Court denied the second such motion, on June 12, 2017, RIC filed its motion to dismiss, arguing that, while the complaint describes Plaintiff's distress over certain things that happened to her at RIC where she was a student, it is completely devoid of plausible facts stating an actionable claim.[2] ECF No. 33. Plaintiff's opposition to this motion was due two and a half months ago, on June 26, 2017. She has filed nothing. Based on her complete silence, the Court issued a show cause order on August 9, 2017 (ECF No. 34), directing her to show good cause within thirty days as to whether she opposes the motion to dismiss, why she failed to file her response and why the claims against RIC should not be dismissed for lack of prosecution. The show cause order warned Plaintiff that if she does not respond, her claims against RIC would be dismissed without prejudice and without costs. Plaintiff's response to the show cause order was due on September 11; she did not respond to the order nor has she made any other filings in the case since March.

Plaintiff has completely ignored the other two defendants named in her complaint – the City of Providence and the State of Rhode Island. Although they were given notice of Plaintiff's motion for preliminary injunction filed with the complaint (and appeared through counsel at the preliminary injunction hearing as the Court directed), the interim relief motion sought no remedy as to either of them. In particular, there is no suggestion that either has been served pursuant to

---

[1] The docket reflects a sealed motion for appointment of counsel that was separately docketed by the Clerk's Office on April 6, 2017 (ECF No. 27); however, Plaintiff actually filed motion (attached to a motion to seal) on February 27, 2017. ECF No. 11-1.

[2] As the Court has repeatedly observed (putting Plaintiff on notice that her complaint against RIC is at risk of dismissal for failure to state a claim), RIC's motion to dismiss is well founded in that Plaintiff's claim against it fails to state plausible facts that state a meritorious claim. ECF No. 9 at 5-6; ECF No. 30 at 3-4. If the Court does not dismiss the complaint against RIC for failure to prosecute, I recommend that it be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P. 4(j)(2). No proof of service on either has been filed and neither has answered or otherwise responded to the complaint. The Fed. R. Civ. P. 4(m) deadline for timely service passed on May 8, 2017.

## II.     LAW AND ANALYSIS

"A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." Diaz-Santos v. Dep't of Educ. of Commw. of P.R., 108 F. App'x 638, 640 (1st Cir. 2004); Bloomquist v. Cloutier N.P., No. 2:16-CV-00337-DBH, 2017 WL 1393793, at *1-2 (D. Me. Mar. 30, 2017), adopted, 2017 WL 1389457 (D. Me. Apr. 18, 2017). Although Fed. R. Civ. P. 41(b) refers only to dismissal on a motion made by a defendant, the Court may also *sua sponte* dismiss a complaint under Fed. R. Civ. P. 41(b) for failure to comply with a court order. Unitronics (1989) (R"G) Ltd. v. Gharb, 85 F. Supp. 3d 118, 126 (D.D.C. 2015). When a plaintiff both ignores a dispositive motion and does nothing in response to a show cause order, dismissal pursuant to Fed. R. Civ. P. 41(b) is appropriate. Johnson v. Bittenbender, No. CIV. 4:CV-05-2664, 2006 WL 3373663, at *1 (D.R.I. Nov. 20, 2006) (case dismissed for failure to prosecute based on lack of opposition to dispositive motion and absence of response to order to timely respond or risk dismissal). Unless the Court directs otherwise, dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). However, dismissal with prejudice is a sanction reserved for the most extreme misconduct. See Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) ("[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance"). Mindful of Plaintiff's *pro se*

status,[3] I therefore recommend dismissal without prejudice as more appropriately reflective of Plaintiff's apparent abandonment of this suit.

Turning to the unserved defendants, Plaintiff is now four months out of time to serve either the City of Providence or the State of Rhode Island.[4] It is now time to order her to demonstrate whether there is good cause excusing her failure timely to serve them. I recommend that the Court issue an order that she must do so. Tucker v. Bailey, C.A. No. 12-62 S, 2014 WL 1285131, at *2-3 (D.R.I. Mar. 27, 2014) (*pro se* claimant ordered to show cause, in writing, why the matter should not be dismissed for lack of prosecution based on failure timely to serve per Fed. R. Civ. P. 4(m)). If she fails to respond, or responds but fails to establish good cause, I recommend that the complaint be dismissed in its entirety.

## III. CONCLUSION

As to defendant RIC, I recommend that the complaint be dismissed for failure to prosecute; alternatively, I recommend that it be dismissed for failure to state a claim. As to the other defendants, the City of Providence and the State of Rhode Island, I recommend that the Court order Plaintiff to demonstrate good cause for her failure timely to serve them and that, if she fails to do so, the complaint be dismissed in its entirety.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a

---

[3] A *pro se* complaint is held to a less stringent standard than one drafted by a lawyer and is to be read with an extra degree of solicitude. Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (document filed *pro se* to be liberally construed).

[4] The Court might speculate that Plaintiff has also abandoned her claims against the City of Providence and the State of Rhode Island based on the likelihood that they are barred by the applicable statute of limitations. As the Court noted in denying her motion for appointment of *pro bono* counsel, it is difficult to understand why these claims are not out of time. ECF No. 30 at 4.

timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 15, 2017